UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN RAY HARPER, SR.** | **CIVIL ACTION NO. 24-1124** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **NOLEN BASS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On January 16, 2025, the undersigned issued a Report and Recommendation, recommending that the Court dismiss Plaintiff Kevin Ray Harper, Sr.'s claims concerning conditions of confinement at Tensas Parish Detention Center ("TPDC").

On February 6, 2025, the United States Court of Appeals for the Fifth Circuit issued a mandate in a related case concerning similar conditions of confinement claims at TPDC, *Keith Wayne Robertson v. Nolen Bass, et al.*, 3:24-cv-0275, Doc. 37 (W.D. La. 2025), vacating this Court's judgment. *Robertson v. Bass*, No. 24-30395, 2025 WL 416994, at *1 (5th Cir. Feb. 6, 2025) (hereafter, "*Robertson*"). In light of that decision,[1] the undersigned issues this Supplemental Report and Recommendation to address the particular concerns raised in *Robertson*.[2]

In *Robertson*, the Fifth Circuit agreed with the plaintiff's argument that exposure to

---

[1] *Robertson* is "not designated for publication." Thus, under 5TH CIR. R. 47.5.3, the opinion is "not precedent . . . ." Nonetheless, it is persuasive authority, and the Court has given it particular consideration based on the similarity of the claims between the two cases.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"biohazardous human waste for consecutive days and weeks at a time" constituted "a claim under the Eighth Amendment." *Robertson*, 2025 WL at 416994. Robertson "had to defecate in a bag . . . a new total of eight times." *Id.* Here, unlike in *Robertson*, Plaintiff does not specify how long or how often he was exposed to similar conditions or how many times he had to defecate in a bag.[3]

Further, the Fifth Circuit found it important that Robertson was "denied gloves and cleaning supplies[,]" that the "dormitory was never sanitized or cleaned[,]" that "a faulty ventilation system intensified foul odors[,]" that "there were maggots in the waste pile outside[,]" that the defendants burned "bags filled with waste[,]" and that defendants "pumped the human waste into a pile on the ground outside . . . ." *Robertson*, 2025 WL at 416994. Here, Plaintiff does not allege that he was denied gloves and cleaning supplies, that the dormitory was never sanitized or cleaned,[4] that the ventilation system was faulty and intensified foul odors, that there were maggots outside, that defendants burned bags of waste, or that defendants pumped waste into a pile outside.[5]

Moreover, in *Robertson*, the Fifth Circuit found that the defendants were plausibly deliberately indifferent because Robertson alleged that the defendants "forced him to comply with the bag procedure in response to TPDC's sewerage problems[,]" "were involved in burning the bags filled with waste[,]" and "helped to pump the human waste into a pile on the ground

---

[3] At best, Plaintiff states, "Feces in the shower area for days." [doc. # 1, p. 3].

[4] The only similar allegation here is Plaintiff's faulting of defendants for "cleanliness[.]" [doc. # 10, p. 2].

[5] Plaintiff states in the "Relief" section of his form complaint that he wants defendants to "remove the 'pile of feces.'" [doc. # 1, p. 3]. He did not make any allegations about the pile in his initial pleading, and he did not mention the pile at all in his amended pleading.

outside when water access returned." *Robertson*, 2025 WL at 416994.  Here, Plaintiff does not plead deliberate indifference, alleging only that defendants failed "to comply with Delta Dorm request of a work order to have all essentials work properly. [sic]." [doc. # 10, p. 1].  That defendants knew of a request to have unspecified essentials work properly does not demonstrate that defendants knew Plaintiff was exposed to a substantial risk of serious harm.

Finally, while Robertson detailed a history of water shutoffs, Plaintiff herein brought suit in August 2024 and appears to complain of events at that time.  During that time period, water problems were not limited to TPDC.  Rather, the undersigned takes judicial notice that on August 15, 2024,[6] the Louisiana Department of Health issued a "do not use" water advisory for parts of Madison Parish after drinking water was exposed to the chemical paraquat.  *See* https://ldh.la.gov/news/7373 (Last visited 03/10/2025).  That advisory was extended at least once and included the precaution that "the water is not safe for use even if the water is boiled" and was not to be used for bathing, washing clothes, food preparation, washing dishes or brushing teeth, although it could be used for flushing toilets.  *Id.*

All of this is to say that *Robertson* does not alter the undersigned's recommendation in the January 16, 2025 Report and Recommendation.

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Kevin Ray Harper, Sr.'s claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

---

[6] Plaintiff filed suit the day before this advisory issued.

3

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 10th day of March, 2025.

                                                  Kayla Dye McClusky
                                                  United States Magistrate Judge